## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BEATRICE KELLY, and
RALPH KELLY,

      Plaintiffs,

v

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE COMPANY

      Defendant.

| | |
|---|---|
| JOSEPH L. MILANOWSKI (P47335)<br>MELAMED, DAILEY, LEVITT &<br>MILANOWSKI, P.C.<br>Attorney for Plaintiffs<br>26611 Woodward Avenue<br>Huntington Woods, MI 48070<br>(248) 591-5000    (248) 541-9456<br>[Fax]<br>joemilanowski@mdlm-pc.com | KERRY LYNN RHOADS (P55679)<br>SEGAL McCAMBRIDGE SINGER &<br>MAHONEY<br>Attorney for Defendant Metropolitan<br>39475 Thirteen Mile Road, Suite 203<br>Novi, MI  48377<br>(248) 994-0060    (248) 994-0061<br>[Fax]<br>krhoads@smsm.com |

## <u>NOTICE OF REMOVAL</u>

TO:   United States District Court-    Eastern District of Michigan – Southern
       Division
       Macomb County Circuit Court
       Counsel of Record

     NOW COMES Defendant, Metropolitan Group Property and Casualty

Insurance Company, by and through its attorneys, Kerry Lynn Rhoads and Segal

McCambridge Singer & Mahoney and hereby remove this action and give Notice

to this Honorable Court of the Removal of this Action from the Circuit Court of the State of Michigan, County of Macomb, to the United States District Court for the Eastern District of Michigan, Southern Division, and respectfully states to this Court as follows:

1.     Metropolitan Group Property and Casualty Insurance Company is a Defendant in a civil action brought against it in the Circuit Court for the County of Macomb, State of Michigan, entitled *Beatrice Kelly and Ralph Kelly v. Metropolitan Group Property and Casualty Insurance Company*, Case No. 18-0766-CK and that a copy of the Summons and Complaint are attached hereto and constitute all process and pleadings served upon Petitioner in such action. (Exhibit A)  Exhibit A constitutes all process and pleadings served upon Petitioner in such action; and that further, no proceedings have been had therein.

2.     The above captioned matter is a civil action over which this Court has original jurisdiction on the provisions of Title 28 United States Code, USC section 1332, and is one which may be removed to this Court by the Petitioner, Defendant herein, pursuant to the provisions of Title 28 United States Code, Section 1441, that it is a civil action, wherein the matter in controversy will allegedly exceed the sum or value of $75,000.00 exclusive of costs, attorney fees, and statutory interest, according to the allegations in the Complaint and it is between citizens of different states, as more fully identified as follows:

    a.    Defendant, Metropolitan Group Property and Casualty Insurance Company, is a Rhode Island corporation;

    b.    Plaintiffs are believed to be Ohio residents.

3.    Based on the necessary implications of Plaintiff's Complaint, as well as continuing claims therein, this matter in controversy (allegedly) exceeds the sum or value of $75,000, exclusive of costs, attorney fees and statutory interest demanded in that the Plaintiff seeks damages for homeowners insurance benefits arising out of injuries allegedly incurred by an insured as a result of a fire that occurred on December 3, 2016. (Exhibit A, Paragraph 5) See also Plaintiff's Proof of Loss attached as Exhibit B.

4.    That this Petition is filed in a timely and proper manner in as much as service of process upon Metropolitan Group Property and Casualty Insurance Company was made by certified mail on March 8, 2018 and this original Petition for Removal was filed within thirty (30) days thereof.

5.    Attached as Exhibit C is a verification of the facts and circumstances set forth in this demand for removal.

THEREFORE, Defendant, Metropolitan Group Property and Casualty Insurance Company, give Notice that the above Action now pending against it in the Circuit Court for the County of Macomb, State of Michigan, is removed therefrom to this Court.

SEGAL McCAMBRIDGE SINGER & MAHONEY

By /s/ Kerry Lynn Rhoads
KERRY LYNN RHOADS (P55679)
Attorney for Defendant Metropolitan
39475 Thirteen Mile Road, Suite 203
Novi, MI 48377
Dated:  March 26, 2018               (248) 994-0060

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 26, 2018, a true and correct copy of the foregoing has been served upon counsel of record via electronic service through MiFiling.  In addition, a copy of this document has been filed with this Court's ECF filing system.

/s/ Robyn A. Goldberg        
  Robyn A. Goldberg

# *EXHIBIT A*

 **CT Corporation**

**Service of Process Transmittal**
03/08/2018
CT Log Number 532928007

TO:     Bethanne Lee
        MetLife Auto & Home
        700 Quaker Ln, Law Department Area 2C
        Warwick, RI 02886-6669

RE:     **Process Served in Michigan**

FOR:    Metropolitan Group Property and Casualty Insurance Company  (Domestic State: RI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Beatrice Kelly And Ralph Kelly, Pltfs. vs. Metropolitan Group Property and Casualty Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, First Interrogatories, First Request(s), |
| **COURT/AGENCY:** | Macomb County - 16th Circuit Court, MI<br>Case # 180766CK |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/08/2018 postmarked on 03/02/2018 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Joseph L. Milanowski<br>Melamed, Dailey, Levitt & Milanowski, P.C.<br>26611 Woodward Avenue<br>Huntington Woods, MI 48070<br>248-591-5000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/09/2018, Expected Purge Date: 03/14/2018 |
| | Image SOP |
| | Email Notification,  CTServiceof Process  mah_sop@metlife.com |
| | Email Notification,  Bethanne Lee  blee5@metlife.com |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 40600 ANN ARBOR RD E STE 201<br>Plymouth, MI 48170-4675 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

NEOPOST
03/02/2018
US POSTAGE $007.30

FIRST-CLASS MAIL

ZIP 48070
041L10253823



CERTIFIED MAIL®

7015 1520 0002 1698 8304

MELAMED, DAILEY, LEVITT & MILANOWSKI, P.
ATTORNEYS AND COUNSELORS
26611 WOODWARD AVENUE
HUNTINGTON WOODS, MI 48070-1332

Metropolitan Group Property and
Casualty Insurance Company
c/o The Corporation Company
40600 Ann Arbor Road E., Suite 201
Plymouth, MI 48170-4675

48170:4675 C021

Approved, SCAO

| Original - Court | 2nd copy - Plaintiff |
|---|---|
| 1st copy - Defendant | 3rd copy - Return |

| **STATE OF MICHIGAN** | | **CASE NO.** |
|---|---|---|
| 16th | JUDICIAL DISTRICT | **SUMMONS AND COMPLAINT** | 18 - 0 7 6 6 - C K |
| | JUDICIAL CIRCUIT | | |
| | COUNTY PROBATE | | |

**Court address**                                                                                          Court telephone no.

40 North Main Street, Mount Clemens, MI 48043                                   (586) 469-5351

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| BEATRICE KELLY and RALPH KELLY | **v** | METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY<br>c/o The Corporation Company<br>40600 Ann Arbor Road E, Suite 201<br>Plymouth, MI 48170-4675<br>(734) 983-9042 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| Joseph L. Milanowski (P47335)<br>MELAMED, DAILEY, LEVITT & MILANOWSKI, P.C.<br>26611 Woodward Avenue<br>Huntington Woods, MI 48070          (248) 591-5000 |

**SUMMONS**   **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| FEB 27 2018 – | – MAY 2 0 2018 | Karen A. Spranger |

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action   ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action   ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| City of Eastpointe, Michigan | City of Warwick, Rhode Island |

| Place where action arose or business conducted |
|---|
| City of Eastpointe, Michigan |

February 27, 2018
Date

/s/ _____  Joseph L. Milanowski (P47335)
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01**   (6/17)   **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)



# KAREN A. SPRANGER

Macomb County
Chief Deputy Clerk    Clerk/ Register of Deeds    Deputy Register of Deeds

TO:    Court Customer
FROM:    Karen A. Spranger
     Macomb County Clerk / Register of Deeds

CIRCUIT COURT CASE NUMBER:

**18 - 0 7 6 6 - CK**

CASE CAPTION:

This is to inform you that the above mentioned case is deemed an eFiling case pursuant to Administrative Order No. 2010-06.

It is MANDATORY that all further filings in this matter are to be filed electronically through the court's eFiling website at:

     http:// mifile.courts.michigan.gov

Registration instructions, filing instructions, the administrative order and frequently asked questions can be found on the court's website at:

     http://circuitcourt.macombgov.org/circuitcourt-efiling

All parties must register with the court and opposing parties one e-mail address for service. Service will be provided electronically to this email address. All parties must also register this email address with the TruFiling e-filing system. Each individual bears the responsibility for the accuracy of the registered email address.

For TrueFiling technical support. Please call 1-855-959-8868 or send an email to support@truefiling.com.

It is required that you serve this notification to all parties when perfecting service on the complaint. Also if you have not previously provided your email address to our office when submitting documents for filing, it is now required that you furnish it in order for us to update our records accordingly.

> If you need help in submitting your filing electronically, assistance is available in the Circuit Court I.T. Department on the 6th Floor. Computers, scanners and staff are available to assist you during normal business hours 8 a.m- 4:30p.m.

Clerk's Office
40 North Main Street Ist floor, Mount Clemens, MI 48043
586-469-5120, clerksoffice@macombgov.org
clerk.macombgov.org

Register of Deeds
120 N. Main Street Mount Clemens, MI 48043
586-469-7953, keregisterofdeeds@macombgov.org
rod.macombgov.org

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BEATRICE KELLY, and
RALPH KELLY,

       Plaintiffs,

v.

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE COMPANY,

       Defendant.

$18 - 0766 - CK$

Case No. 18-     -CK
Hon.

**JENNIFER FAUNCE**

_____/

MELAMED, DAILEY, LEVITT
& MILANOWSKI, P.C.
By: Joseph L. Milanowski (P47335)
*Attorney for Plaintiffs*
26611 Woodward Avenue
Huntington Woods, MI 48070
T: (248) 591-5000/F: (248) 541-9456
joemilanowski@mdlm-pc.com

**RECEIVED**

FEB 2 7 2018

KAREN A. SPRANGER
Macomb County Clerk

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, Beatrice Kelly (f/k/a Beatrice D. Bragg) and Ralph Kelly, by and through their attorneys, Melamed, Dailey, Levitt & Milanowski, P.C., and state the following in support of their complaint:

### COMMON ALLEGATIONS

1.     Plaintiffs, Beatrice Kelly (f/k/a Beatrice D. Bragg) and Ralph Kelly ("The Kellys"), at all relevant times, were residents of Eastpointe, County of Macomb, Michigan.

2. Defendant, Metropolitan Group Property and Casualty Insurance Company ("MetLife"), is a property and casualty insurance entity authorized to insure property in the state of Michigan.

3. At all relevant times, Defendant was doing business in Macomb County, Michigan.

4. The amount in controversy is in excess of $25,000.00 or is otherwise within the jurisdiction of this Honorable Court.

5. Defendant issued a Homeowners Policy, number 1470006250 ("Policy"), naming Plaintiffs as the named insureds, with a policy period from September 22, 2016 to September 22, 2017, providing coverages for the insured Property for loss from all perils, including coverages for Dwelling in the face amount of $244,128.00; Private Structures in the amount of $48,826.00; Personal Property in the amount of $170,890.00; Loss of Use in the amount of $61,032.00; along with other miscellaneous coverages.

6. At all relevant times surrounding the application for, acceptance of, issuance and term of the Policy, the residence premises was used as a private residence by Plaintiffs.

7. The Policy was in force and effect on or about December 3, 2016.

8. On or about December 3, 2016, Plaintiffs had an insurable interest in the Property.

9. On or about December 3, 2016, Plaintiffs sustained insured fire losses on the Property.

10. Plaintiffs gave timely notice to Defendant and have substantially complied with all the requirements of said Policy of insurance and applicable Michigan law in making their claim for insurance proceeds resulting from said losses.

2

11.     Notwithstanding Plaintiffs' substantial compliance with all claim procedures and the loss being covered under the terms and conditions of the Policy, Defendant denied Plaintiffs' claim.

12.     Specifically, the denial was based upon Defendant's unsupported belief that Plaintiffs did not use the residence premises as a private residence at the time Defendant accepted the Policy, during the Policy term, or at the time of the fire loss.

13.     Pursuant to the uncontroverted, sworn testimony of Plaintiffs, they continuously used the residence premises as a private residence from the time of the application and acceptance of the Policy for insurance through the fire loss.

<u>COUNT I – DECLARATORY RELIEF REQUESTED</u>

14.     Plaintiffs incorporate the foregoing paragraphs.

15.     This Court has subject matter jurisdiction over this claim because Plaintiffs seek declaratory relief and the matter in controversy is within the jurisdictional amount of this Court.

16.     Plaintiffs request declaratory relief regarding the improper rescission of the insurance contract and a declaration of coverage for Plaintiffs under said contact.

17.     Declaratory relief is proper regarding the subject matter of this action.

18.     Defendant improperly and unjustifiably rescinded its contract with Plaintiffs based on its mistaken belief that Plaintiffs did not use the residence premises as a private residence at the time Defendant accepted the Policy, during the Policy term, or at the time of the fire loss.

19.     Defendant breached its duties and obligations owed to Plaintiffs under the terms and conditions of the Policy and Michigan law when it improperly rescinded the contract.

WHEREFORE, Plaintiffs respectfully request declaratory relief in the form of an order providing the following judicial declarations:

3

    A.  Plaintiffs used the residence premises as a private residence at the time Defendant accepted the Policy, during the Policy term, and at the time of the fire loss;

    B.  Defendant breached its duties and obligations to Plaintiffs when it improperly rescinded the insurance contract;

    C.  the insurance contract is valid and provides coverage for the claims or potential claims of the Plaintiffs as a result of their insured property loss on or about December 3, 2016; and

    D.  grant all other appropriate and equitable relief that the Court deems proper.

## COUNT II – BREACH OF CONTRACT

20.    Plaintiffs incorporate the foregoing paragraphs.

21.    Defendant owed Plaintiffs a duty to handle Plaintiffs' claim in good faith and in a fair, reasonable and timely manner.

22.    Defendant failed to handle Plaintiffs' claim in such a manner.

23.    Defendant has failed to pay Plaintiffs' claim in the amount they are entitled to, as provided for in the contract of insurance.

24.    Defendant's failure to timely and fully pay Plaintiffs' claim is in breach of its obligations under the contract of insurance and Michigan law.

25.    Defendant is required to comply with the Michigan Uniform Trace Practices Act (herein referred to as the "UTPA"), being MCL 500.2001, MSA 24.12001, et seq., as amended, and the terms of the UTPA are implied terms in the Policy.

26.    Defendant engaged in one or more unfair or deceptive acts or practices in breach of the implied terms of the Policy.

4

27.     Plaintiffs have also suffered and continue to suffer additional economic consequential damages, which were within the reasonable contemplation of the parties when they entered into the contact and/or where the natural consequence of Defendant's breach of contract.

28.     Plaintiffs claim contractual and consequential damages from Defendant as a proximate result of its breach of contract in the amount they are found to be entitled, together with costs, interest and attorney fees, as well as other relief to which they may be entitled.

WHEREFORE, Plaintiffs request this Honorable Court enter a judgment against Defendant in the amount Plaintiffs are determined to be entitled, together with costs, interest and attorney fees, as well as other relief to which they may be entitled.

### COUNT III – DEFENDANT'S VIOLATIONS OF THE MICHIGAN UTPA

29.     Plaintiffs incorporate the foregoing paragraphs.

30.     At all relevant times, Defendant was and still is subject to the Michigan UTPA, being MCL 00.2001, MSA 24.12001, et seq., as amended.

31.     Defendant is a person within the meaning of the UTPA.

32.     Plaintiffs, at all relevant times, were entitled to benefits under the Defendant's contract of insurance.

33.     Defendant failed to pay Plaintiffs' claim on a timely basis, in violation of the UTPA, MCL 500.2006.

34.     Plaintiffs claim interest, as provided for in the UTPA.

WHEREFORE, Plaintiffs request this Honorable Court enter a judgement against Defendant in the amount Plaintiffs are determined to be entitled, together with costs, interest and attorney fees, as well as other relief to which they may be entitled.

Respectfully submitted,

MELAMED, DAILEY, LEVITT
& MILANOWSKI, P.C.

By: Joseph L. Milanowski (P47335)
*Attorney for Plaintiffs*
26611 Woodward Avenue
Huntington Woods, MI 48070
T: (248) 591-5000/F: (248) 541-9456
joemilanowski@mdlm-pc.com

Dated: February 27, 2018

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, Melamed, Dailey, Levitt & Milanowski, P.C., demand a trial by jury in the above cause.

Respectfully submitted,

MELAMED, DAILEY, LEVITT
& MILANOWSKI, P.C.

By: Joseph L. Milanowski (P47335)
*Attorney for Plaintiffs*
26611 Woodward Avenue
Huntington Woods, MI 48070
T: (248) 591-5000/F: (248) 541-9456
joemilanowski@mdlm-pc.com

Dated: February 27, 2018

# *EXHIBIT B*

Our File No. _JDG42679_

H 147000625-0

**SWORN   STATEMENT**
**IN**
**PROOF OF LOSS**

Policy Number _____

AMT of Policy at Time of Loss _____

Date Issued _____

AGENCY   AT _____

AGENCY _____

Date Expires _____

TO THE _Met Life Insurance Co_ OF _Michigan_

At the time of loss, by the above indicated policy of insurance, you insured _Beatrice D. Bragg_ _16685 Sprenger, Eastpointe MI 48021_

against loss by _Fire_ upon the property described under Schedule "A", according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

**1. Time and Origin :** A _Fire_ loss occurred about _____, on _12/3/2016_
The cause and origin of the said loss were : _Fire_

**2. Occupant :** The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever : _Residential Occupancy_

**3. Title and Interest :** At the time of the loss the interest of your insured in the property described therein was _Homeowner_
No other person or persons had any other interest therein or incumbrance thereon except: _Ocwen Home loans_

**4. Changes:** Since the said policy was issued, there has been no assignment thereof, or change of interest, use, occupancy possession, location or exposure of the property described, except : _none_

**5. Total Insurance :** The total amount of insurance upon the property described by this policy was, at the time of the loss, _____ as more particularly specified in the apportionment attached under schedule "C", besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

_Loss Rents *OPEN*_

6. The Actual Cash Value of said property at the time of the loss was............... _126,904 99_
7. The Whole Loss and Damage was.................................................. _161,371 56_
8. Less Deductible and / or Participation by the Insured ................................ _1000 00_
9. The Amount Claimed under the above numbered policy is ......................... _125,904.99_

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant, nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof. The amounts herein are contingent upon the information available to the insured and may change upon discovery of new and/or previously undiscovered damages and/or new information.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights

State of _Ohio_

County of _____

_Beatrice Kelly_

BEATRICE KELLY

Subscribed and sworn before me this _____ day of _February_, _2017_

Insured

KATHRYN ANNAH HOLDER
Notary Public, State of Ohio
My Commission Expires
June 7, 2021

Adjuster ★

Notary Public / Adjuster

# *EXHIBIT C*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BEATRICE KELLY, and
RALPH KELLY,

       Plaintiffs,

v

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE COMPANY

       Defendant.

| | |
|---|---|
| JOSEPH L. MILANOWSKI (P47335) | KERRY LYNN RHOADS (P55679) |
| MELAMED, DAILEY, LEVITT & | SEGAL McCAMBRIDGE SINGER & |
| MILANOWSKI, P.C. | MAHONEY |
| Attorney for Plaintiffs | Attorney for Defendant Metropolitan |
| 26611 Woodward Avenue | 39475 Thirteen Mile Road, Suite 203 |
| Huntington Woods, MI 48070 | Novi, MI  48377 |
| (248) 591-5000        (248) 541-9456 | (248) 994-0060        (248) 994-0061 |
| [Fax] | [Fax] |
| joemilanowski@mdlm-pc.com | krhoads@smsm.com |

## **AFFIDAVIT OF COUNSEL**

STATE OF MICHIGAN )
                   ) ss
COUNTY OF OAKLAND       )

    Kerry Lynn Rhoads, being first duly sworn, deposes and says, she is a member of the law firm of Segal McCambridge Singer & Mahoney, attorney for Defendant, Metropolitan Group Property and Casualty Insurance Company, herein;

that she has read the foregoing Notice of Removal and she knows the contents thereof; that the same is true to the best of her knowledge, information and belief.

_____

Kerry Lynn Rhoads (P55679)

Subscribed and sworn to before me
this 26th day of March, 2018

_____

Robyn Goldberg, Notary Public
Oakland County, Michigan
My Commission Expires 04/18/2022

ROBYN A GOLDBERG
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires April 18, 2022

2