## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BEATRICE KELLY, and
RALPH KELLY,

      Plaintiffs,

v

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE COMPANY

      Defendant.

Case No.  2:18-cv-10982
Hon. Gershwin A. Drain
Magistrate Judge R. Steven Whalen

| | |
|---|---|
| JOSEPH L. MILANOWSKI (P47335) | KERRY LYNN RHOADS (P55679) |
| MELAMED, DAILEY, LEVITT & MILANOWSKI, P.C. | SEGAL McCAMBRIDGE SINGER & MAHONEY |
| Attorney for Plaintiffs | Attorney for Defendant Metropolitan |
| 26611 Woodward Avenue | 29100 Northwestern Highway, Suite 240 |
| Huntington Woods, MI 48070 | Southfield, MI 48034 |
| (248) 591-5000    (248) 541-9456 [Fax] | (248) 994-0060        (248) 994-0061 [Fax] |
| joemilanowski@mdlm-pc.com | krhoads@smsm.com |

## DEFENDANT METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

### ORAL ARGUMENT REQUESTED

NOW COMES Defendant, METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, by and through its attorneys, Kerry Lynn Rhoads and Segal McCambridge Singer & Mahoney, Ltd., and for its Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56, states as follows:

1.    This matter is before this Court following Defendant, Metropolitan Group Property and Casualty Insurance Company's removal of this diversity case.

2.    In particular, Plaintiffs' Complaint alleges a breach of a homeowner's insurance contract by Metropolitan Group Property and Casualty Insurance Company (hereinafter referred to as "Metropolitan"), amongst other causes of action, following a denial of a claim for a fire loss that occurred on December 3, 2016.

3.    The Plaintiffs' claims must be dismissed because the subject property was not used as the Plaintiffs' private residence as required by the policy language (and Michigan case law).

4.    Moreover, Plaintiffs' were using the subject property for a business purpose inasmuch as they were renting it out at the time of the loss and for the previous two years.

5.    Further, given there has been no breach of contract by Metropolitan, Plaintiffs' claims under the Uniform Trade Practices Act must also be dismissed.

6.    Metropolitan relies upon the facts and arguments set forth in its attached Brief in Support, as if more fully restated herein.

7.    In accordance with local rule 7.1(a), counsel for Metropolitan was unable to obtain concurrence in the relief requested from Plaintiffs' counsel regarding the basis of this Motion.

8.     A Proposed Order Granting Defendant METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY's Motion for Summary Judgment is attached as Exhibit J.

WHEREFORE, Defendant, METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, respectfully requests this Honorable Court grant its Motion for Summary Judgment and dismiss Plaintiffs' claims against it in its entirety, with prejudice, and tax all reasonable costs and attorney fees against Plaintiffs where permitted by law.

SEGAL McCAMBRIDGE SINGER & MAHONEY

By   /s/ Kerry Lynn Rhoads
KERRY LYNN RHOADS (P55679)
Attorney for Defendant Metropolitan
29100 Northwestern Highway, Suite 240
Southfield, MI 48034
(248) 994-0060

Dated:  October 30, 2018

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BEATRICE KELLY, and
RALPH KELLY,

        Plaintiffs,                    Case No.  2:18-cv-10982
                                       Hon. Gershwin A. Drain

v                                 Magistrate Judge R. Steven Whalen

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE COMPANY

        Defendant.

| JOSEPH L. MILANOWSKI (P47335) | KERRY LYNN RHOADS (P55679) |
|---|---|
| MELAMED, DAILEY, LEVITT & MILANOWSKI, P.C. | SEGAL McCAMBRIDGE SINGER & MAHONEY |
| Attorney for Plaintiffs | Attorney for Defendant Metropolitan |
| 26611 Woodward Avenue | 29100 Northwestern Highway, Suite 240 |
| Huntington Woods, MI 48070 | Southfield, MI 48034 |
| (248) 591-5000    (248) 541-9456 [Fax] | (248) 994-0060        (248) 994-0061 [Fax] |
| joemilanowski@mdlm-pc.com | krhoads@smsm.com |

**BRIEF IN SUPPORT OF DEFENDANT METROPOLITAN PROPERTY
AND CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY
JUDGMENT**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..…….…..….……………………….…….…....iii, iv, v

ISSUE PRESENTED….…..……..…..…………………………….…………vi

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT.......vii

INTRODUCTION…………..…..…..…………….……… ……..………....1

STATEMENT OF FACTS …………..…….…………………….…….……....1

    I.    Policy Language….……………….…………………….…………1

    II.    The Subjects Dwelling Was Not Used By The Plaintiffs As Their Private Residence And Was A Rental Property At The Time Of The Loss.……………………….…………………………….…....3

LAW AND ARGUMENT …………..…….…………………….…………5

    I.    Standard of Review….………………………….…………….…...5

    II.    Michigan Insurance Law….………………….…….…………6

    III.    Plaintiffs Did Not Use The Subject Property As Their Private Residence On The Date Of Loss, Therefore, Summary Judgment Must Be Granted To Metropolitan….………………………….…..8

    IV.    Plaintiffs' Uniform Trade Practices Act Claims Must Be Dismissed….…………………………………………………..12

CONCLUSION ..………..…….…………….…………………….…………14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)......... 7

*Gregg v. Allen-Bradley, Co.,* 801 F.2d 863, 861 (6th Cir. 1986) ............................. 5

*Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir. 1984) ...................................... 6

*Kramer v. Bachan Aerospace Corp.,* 912 F.2d 151, 153-54 (6th Cir. 1990) ............ 6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)......................................................................... 6

*Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio,* 503 F.3d 456, 469 (6th Cir. 2007) ....................................................................................................................... 6

*National Union Fire Ins. Co. v. Arioli,* 941 F.Supp. 646, 655 (E.D.Mich.1996) ................................................................................................................... ....14

*Society of St. Vincent De Paul in Archdiocese of Detroit v. Mt. Hawler Ins,* 49 F.Supp.2d 1011, 1020 (E.D.Mich., 1999)................................................. 13-14,14

*Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989) ....................... 6

*Yarnell v. Transam. Life Ins. Co.,* 447 F. App'x 664, 669 (6th Cir. 2011) ............... 6

## FEDERAL RULES

Federal Rule of Civil Procedure 56............................................................................. 5

Federal Rule of Civil Procedure 56(a) ...................................................................... 5

## MICHIGAN CASES

*Allstate Ins. Co. v. Fick,* 226 Mich. App. 197, 201-202, 572 N.W. 2d 265 (1997)
.................................................................................................. …7

*Arco Industries Corp. v. American Motorists Ins. Co.,* 448 Mich. 395, 402, 531
N.W.2d 168 (1995) ............................................................................ 7

*Auto Owners Ins. Co. v. Churchman,* 440 Mich. 560, 566, 567, 489 N.W.2d 431
(1992) .............................................................................................. 7

*Banks v. Auto Club Group Ins Co*, 2015 WL 3797729, Docket No. 320985
.................................................................................. …..vii,11

*Bianchi v. Automobile Club of Michigan,* 437 Mich. 65, 71, n. 1, 467 N.W.2d 17
(1991) ............................................................................................. 7

*Commercial Union Ins. Co. v. Liberty Mutual Ins. Co.,* 426 Mich. 127, 393
N.W.2d 161, 1641 n. 5 (1986) ............................................................ 13

*Curry v. Jackson Circuit Court,* 151 Mich. App. 754, 391 N.W.2d 476 (1986)
.................................................................................................. ……9

*Griswold Properties, L.L.C. v. Lexington Ins. Co.,* 276 Mich. App. 551, 741
N.W.2d 549,557 (2007) .................................................................... 13

*Group Ins. Co. v. Czopek,* 440 Mich. 590, 597, 489 N.W. 2d 444 (1992)
.................................................................................. …………7

*Heniser v. Frankenmuth Mut Ins,* 449 Mich. 155, 534 N.W.2d 502 (1995)
.......................................................................................... vii,9,10,11

*Isagholian v. Transamerica Insurance Corp.,* 208 Mich. App. 9; 527 N.W.2d 13,
17 (1994) ................................................................................. vii,13,14

*McGrath v. Allstate Ins. Co.,* 290 Mich. App. 434, 436, 802 N.W.2d 619 (2010)
.......................................................................................... vii,8,9,10

*Michigan Millers Mut. Ins. Co. v. Bronson Plating Co.,* 445 Mich. 558, 567, 519
N.W.2d 864 (1994) ........................................................................... 7

*Null v. Auto-Owners Insurance Company,* 2013 WL 5731840 Docket No. 308473
.................................................................................................vii,11

*Raska v. Farm Bureau Mutual Ins. Co.,* 412 Mich. 355, 361, 362, 314 N.W.2d 440
(1982) ............................................................................................. 8

*Royce v. Citizens Ins. Co.,* 219 Mich. App. 537, 542, 557 N.W.2d 144 (1996)
................................................................................ ......7

*South Macomb Disposal Authority v. American Ins. Co. (On Remand),* 225 Mich.
App. 635, 653, 572 N.W.2d 686 (1997) ............................................... 7

*Young v. Michigan Mutual Ins. Co.,* 139 Mich. App. 600, 362 N.W.2d 844, 846-47
(1984) ............................................................................................. 14

## MICHIGAN STATUTES

MCL 500.2001 ................................................................................. 13

MCL 500.2002 ................................................................................. 13

MCL 500.2006 (4) ........................................................................... 13,14

## OTHER SOURCES

*Random House Webster's College Dictionary*, (2000)............................. 10

*Merriam  Webster's Collegiate Dictionary*, (11th ed.)............................. 11

v

## ISSUE PRESENTED

I. WHETHER PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS THE SUBJECT PROPERTY WAS NOT USED BY THE PLAINTIFFS AS THEIR PRIVATE RESIDENCE ON THE DATE OF THE LOSS.

   Metropolitan Answers: Yes.

   Plaintiffs Answer: No.

II. WHETHER PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED AS THE SUBJECT PROPERTY WAS USED FOR A "BUSINESS PURPOSE" GIVEN IT WAS RENTED OUT AT THE TIME OF THE LOSS AND FOR THE PREVIOUS TWO PLUS YEARS.

   Metropolitan Answers: Yes.

   Plaintiffs Answer: No.

III. WHETHER PLAINTIFFS' UNIFORM TRADE PRACTICES ACT CLAIM SHOULD BE DISMISSED AS THERE IS NO PRIVATE CAUSE OF ACTION FOR SUCH A CLAIM AND/OR THERE IS NO RIGHT TO PENALTY INTEREST HEREIN GIVEN NO COVERAGE IS OWED.

   Metropolitan Answers: Yes.

   Plaintiffs Answer: No.

## CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

I.  <u>No Coverage Is Owed When The Property Is Not Used By The Plaintiffs As A Private Residence:</u>

*Heniser v. Frankenmuth Mut Ins*, 449 Mich. 155; 534 NW2d 502 (1995)

*McGrath v. Allstate Ins Co,* 290 Mich App 434, 440; 802 NW2d 619 (2010)

*Null v. Auto-Owners Insurance Company*, 2013 WL 5731840 Docket NO. 308473

*Banks v. Auto Club Group Ins Co*, 2015 WL 3797729 June 18, 2015

II. <u>No Entitlement To A Private Cause Of Action For A Uniform Trade Practices Act Claim:</u>

*Isagholian v. Transamerica Insurance Corp*, 208 Mich App 9; 527 NW2d 13, 17 (1994)

## INTRODUCTION

On December 3, 2016, Plaintiffs allege that their dwelling sustained a fire loss and they are entitled to insurance proceeds from Defendant Metropolitan Group Property and Casualty Insurance Company (hereinafter referred to as "Metropolitan"). However, Plaintiffs are not entitled to recovery under the subject policy as the subject dwelling was not used as their private residence as required by the policy terms (and Michigan Case Law). As these issues are incontrovertible, this matter must be dismissed.

## STATEMENT OF FACTS

Metropolitan issued a Homeowner's Insurance policy to Beatrice D. Bragg[1] (only) for property located at 16085 Sprenger Ave Eastpointe, MI 48021. The Policy, No. 1470006250 with effective dates of 09/22/0016 to 09/22/2017, is attached as Exhibit B, Bates Stamped MET01098-MET01142.

I.   Policy Language:

The subject "Homeowner's Insurance" policy does not insure a dwelling if it is not used by the insured as her private residence or if she rents the entirety of it out. (Exhibit B). In particular, the policy provides that:

---

[1] Plaintiff Beatrice Kelly, a/k/a Beatrice Bragg's explanation for using her maiden name (and excluding her husband from this policy) was that he was not on the home's deed, so he should not be on the policy. (Exhibit A, Plaintiff Beatrice's deposition, p 38). For purposes of this Motion, no issue is taken therein.

**COVERAGE A – DWELLING**

1. **Dwelling Owners**.  If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A. the dwelling owned by **you** on the **residence premises**…

(Exhibit B, Bate Stamp No. MET01104). [2]

"Residence premises" is then defined in the policy as:

1. a one, two, three or four family dwelling <u>used as a private residence by</u> <u>you</u> and named in the Declarations…
   This does not include any portion of a premises used for **business purposes.**

(Exhibit B, Bate Stamp No. MET01103) (underline emphasis added).

These combined sections clearly express that for the insured dwelling to be covered in the event of a loss, the insured herself must use the dwelling as her private residence. Moreover, there will be no such coverage if the dwelling is used for a business purpose.

"Business purposes" is defined, in relevant part, in the subject policy as:

* * *

2. **your** property rented or held for rental by **you**. Rental of the residence premises is not considered business when:
   A. it is rented occasionally for use as a residence;
   B. a portion is rented to no more than two roomers or boarders; or
   C. a portion is rented as a private garage.

(Exhibit B, Bate Stamp No. MET01102)

---

[2] **"You"** and **"your"** mean:
   1.   The person or persons named in the Declarations and if a resident of the same household:
      A.   The spouse of such person or persons.
      B.   The relatives of either.
      C.   any other person under the age of twenty-one in the care of any of the above...
   **"We," "us,"** and **"our"** mean the Company named in the Declarations.
   See Exhibit B, MET01137 and MET01103—MICHIGAN AMENDATORY ENDORSEMENT and General Definitions of the Policy.

2

Hence, the policy dictates that in order for coverage to apply, in the event of a loss, the Plaintiff must be using the dwelling as her private residence. Further, if the Plaintiff rents out the entirety of said property, coverage is wholly excluded.

II.   The Subject's Dwelling Was Not Used By The Plaintiffs As Their Private Residence And Was A Rental Property At The Time Of The Loss.

Within 10 weeks of the subject policy's inception, an allegedly unintentional fire occurred at the property address on December 3, 2016. (Exhibit C, Plaintiffs' Complaint). Following the fire, Plaintiff Beatrice Kelly presented a claim for loss to Metropolitan and an investigation ensued. That investigation included the taking of Plaintiff Beatrice's Examination Under Oath on February 24, 2017. The relevant parts of the Examination Under Oath transcript are attached as Exhibit D.

At that time, Plaintiff Beatrice testified that she did not reside at the insured property but she, her husband and their two children, had actually been residing at 7560 Angel Falls, Mineville Ohio 45039 for "two-and a half years." (Exhibit D, pp 8-9). She further testified that the move to Ohio came after a promotion in 2014 that led to the necessity of being near her employer's headquarters in Cincinnati, Ohio. (Exhibit D, pp 13-14).

While she was residing in Mineville, Ohio, Plaintiff Beatrice testified that her "god sister and friend" Melaundra Floyd was renting the insured address, paying Plaintiff Beatrice approximately $700 per month to do so. (Exhibit D, pp

3

18-19, 61).  Staying with Ms. Floyd was Ms. Floyd's daughter Cassandra Floyd. (Exhibit D, p 20).[3]  To that end, the utilities for the insured address were in Ms. Floyd's name and she was directly paying for them since she moved in, i.e. 2+ years.  (Exhibit D, p 50).  Ms. Floyd had full rental of/access to the property, with no limitations.  (Exhibit D, p 60).  Plaintiff Beatrice could not even recall the last time she actually stayed overnight at the insured dwelling. (Exhibit D, p 61).

Moreover, at the time of the fire, Plaintiff Beatrice testified that the vast majority of the contents of the dwelling, i.e. the furniture, food, personal items, clothing, etc. were the Floyds' property.  (Exhibit D, pp 25, 60, 67).  Indeed, everything ranging from beds, to tables, to chairs, to multiple TVs, to exercise equipment, to the washer and dryer, to shoes, were owned by the Floyds.  (Exhibit A, pp 28-33).

Finally, in further conjunction with her claim, Plaintiff Beatrice executed and submitted a "Proof of Loss" seeking remuneration for the fire loss and which included a claim for "Lost rents."  (Exhibit E, Proof of Loss).  To that end, her public adjuster sought payment, on her behalf, of lost rent. (Exhibit F, Public Adjuster requests for lost rent).

Following her Examination Under Oath, Plaintiff Beatrice's claim was denied for multiple reasons, not the least of which is the issue presently before this

---

[3] Tenant Cassandra Floyd was the cause of the fire permitting a grease fire to occur when she fell asleep.  (Exhibit D, p 60).

4

court, i.e. that she did not use the property as her private residence and/or it was being used for a business purpose. (Exhibit G, March 20, 2017 Denial letter along with reiteration on March 27, 2017 which was issued after the receipt of the aforementioned Proof of Loss).[4]

Subsequently Plaintiff filed the within suit in the Macomb County Circuit Court, State of Michigan on February 27, 2018. (Exhibit B). Metropolitan removed that matter on March 26, 2018. (Docket No. 1). Discovery ensued and has now closed. This Motion for Summary Judgment follows.

## LAW AND ARGUMENT

The Plaintiffs' case must be dismissed as they did not use the subject property as their private residence inasmuch as they resided elsewhere for 2+ years and rented this property out in its entirety to the Floyds.

I.   Standard of Review:

A party is entitled to summary judgment under Federal Rule of Civil Procedure 56 if they show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of all genuine issues of material fact. *Gregg v. Allen-Bradley, Co.,* 801 F.2d 863, 861

---

[4] Whether Plaintiff Beatrice committed fraud, concealment and/or misrepresentation during the course of the claim or the policy application when she failed to seek Landlord coverage and/or disclose that she was renting the property, were also bases for the denial of this claim. (Exhibit G). However, as presumably Plaintiff Beatrice would argue a question of fact as to those factual contentions, they are not the subject of the Motion herein, but would be the subject of the defenses to be submitted at trial, should it be necessary.

5

(6th Cir. 1986).   Once the moving party meets that burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Kramer v. Bachan Aerospace Corp.,* 912 F.2d 151, 153-54 (6th Cir. 1990).   It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., id.*   Rather, the nonmovant must sufficiently allege a fact that, if proven, "would have [the] effect of establishing or refuting one of essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio,* 503 F.3d 456, 469 (6th Cir.2007) (alteration in original) (quoting *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984)) (internal quotation marks omitted).   If the non-movant's evidence is insufficient to support a verdict in favor of the non-movant, the motion for summary judgment will be granted.   *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989).

II.   Michigan Insurance Law:

In this diversity action, Michigan law governs. *See, e.g., Yarnell v. Transam. Life Ins. Co.,* 447 F. App'x 664, 669 (6th Cir.2011) ("When federal courts have jurisdiction over state law claims due to the diversity of the parties, the substantive

6

law of the forum state governs." (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

To determine whether a claimant may be entitled to benefits under an insurance policy, Michigan Courts look to the language of the insurance policy to interpret its terms under Michigan's well-established principles of contract construction. *Michigan Millers Mut. Ins. Co. v. Bronson Plating Co.,* 445 Mich. 558, 567, 519 N.W.2d 864 (1994). An insurance contract must be read as a whole and meaning given to all terms. *Auto Owners Ins. Co. v. Churchman,* 440 Mich. 560, 566, 489 N.W.2d 431 (1992); *South Macomb Disposal Authority v. American Ins. Co. (On Remand),* 225 Mich. App. 635, 653, 572 N.W.2d 686 (1997). The language of the contract is to be given its ordinary, plain meaning and technical, constrained constructions should be avoided. *Bianchi v. Automobile Club of Michigan,* 437 Mich. 65, 71, n. 1, 467 N.W.2d 17 (1991); *Royce v. Citizens Ins. Co.,* 219 Mich. App. 537, 542, 557 N.W.2d 144 (1996).

Further, an insurance company may not be held responsible for a risk that it did not assume. *Arco Industries Corp. v. American Motorists Ins. Co.,* 448 Mich. 395, 402, 531 N.W.2d 168 (1995); *Churchman,* 567*; Group Ins. Co. v. Czopek,* 440 Mich. 590, 597, 489 N.W. 2d 444 (1992). Moreover, an insurer is free to limit its liability, as long as it does so clearly and unambiguously. *Allstate Ins. Co. v. Fick,* 226 Mich. App. 197, 201-202, 572 N.W. 2d 265 (1997). Any clause in an

7

insurance policy is valid as long as it is clear, unambiguous and not in contravention or public policy. *Raska v. Farm Bureau Ins. Co.,* 412 Mich. 355, 361-362, 314 N.W. 2d 440 (1982).

Further, an insurance contract is not ambiguous merely because a term is not defined in the contract. To that end, any terms not defined in the contract should be given their plain and ordinary meaning, which may be determined by consulting dictionaries. *McGrath v. Allstate Ins. Co.,* 290 Mich. App. 434, 436, 802 N.W.2d 619 (2010) (citations omitted).

III.    Plaintiffs Did Not Use The Subject Property As Their Private Residence On The Date Of Loss, Therefore Summary Judgment Must Be Granted To Metropolitan.

The subject "Homeowners" Insurance policy provides that for the subject dwelling's loss to be covered, the dwelling must be used by the insureds as their private residence and that no outright rental can be conducted therein.  Neither circumstance existed in this case and therefore there is no coverage owed and Metropolitan must be dismissed from this matter.

In particular, Plaintiff Beatrice and her family had been residing elsewhere (and continue to do so) for the 2+years prior to the fire at a home in Mineville Ohio.  (Exhibit D, pp 8-9, 13-14).  In her absence from the subject property, she had a renter who had full access to the property, who furnished the property, who paid rent for the property and whose actions resulted in a loss of the property.  (See

8

Exhibits A & D).   Moreover, Plaintiff Beatrice sought lost rents in conjunction with the claim.   (See Exhibits E and F).   In other words, Plaintiff Beatrice did not use, herself, the subject property as her private residence and/or was using it for a business purpose and therefore no coverage is owed.   (See Exhibits B and G).

Given these admissions by Plaintiff Beatrice, binding Michigan case law requires a dismissal herein.   Indeed, the concept that a dwelling must be the insured's "residence premises" for purposes of homeowner's coverage to apply has been the subject of Michigan case law dating back to the 1990's.

In *Heniser v. Frankenmuth Mut Ins*, 449 Mich. 155; 534 NW2d 502 (1995) the Michigan Supreme Court discussed that requirement that the subject dwelling must be the insured's "residence premises" at the time of the loss.   In so doing, the Michigan Supreme Court noted that the insured must actually reside at the insured premises at the time of the loss in order for coverage to be afforded.   *Heniser*, 172.[5]

To that end, in *McGrath,* 440, the Allstate homeowner's insurance policy provided coverage for the insured's "dwelling," which was defined as a "[single] family building structure, identified as the insured property on the Policy

---

[5] To the extent that Plaintiff Beatrice refers this Court to her supposed desire to return to the two bedroom Eastpointe property (from her 4 bedroom, $400,000+ home in Ohio) at some unknown point in the future, the Michigan Supreme Court dispelled such a thought process stating, "The terms used in the definition of "residence premises" are clear. As noted by the Court of Appeals in *Curry, supra,* (*Curry v. Jackson Circuit Court,* 151 Mich. App. 754, 391 N.W.2d 476 (1986)), the general or popular definition of "reside" requires <u>actual</u> occupancy, unlike the legal meaning that allows an intent to occupy the property in the future to suffice. The term "reside" is clear to most laypersons and, in a homeowner's policy, ambiguity is not created by reference to legal theories outside the frame of reference of the ordinary insured." *Heniser*, 172 (emphasis added).

9

Declarations, where you reside and which is principally used as a private residence." The issue was whether the phrase "where you reside" required the insured to physically live at the single-family home listed on the Policy Declarations, i.e. use it as his private residence. *Id.*

In *McGrath,* the Michigan Court of Appeals held that such a phrase was "not merely descriptive" of the insured premises, but rather constituted a "statement of coverage" that required the insured to reside at the home and use the home as a private residence at the time of loss. *Id.* at 442. In reaching this conclusion, the Michigan Court of Appeals applied the dictionary definition of the verb "reside," which is "'to dwell permanently or for a considerable time; live.'" *Id.* at 441, quoting *Random House Webster's College Dictionary* (2000).

Citing *Heniser*, the *McGrath* Court explained that, in the context of the insurance policy, the definition of the term "reside" was not synonymous with the legal definition of the term "domicile," which "may have a legal or technical meaning beyond mere physical presence, including 'the intent to live at that location at sometime in the future." *McGrath,* at 443. Rather, the Court of Appeals concluded, "*the term 'reside' requires that the insured actually live at the property.*" *Id.* at 443 (emphasis added). Therefore, no coverage was owed to McGrath as he did not actually live at the insured property at the time of the loss and accordingly no coverage is owed to the Plaintiffs herein.

10

Indeed, the Michigan Court of Appeals decision is substantiated by *Heniser,* where the Michigan Supreme Court explained that when a property insurance policy includes a "residence premises" definition, there is no coverage if the insured does not actually reside at the insured property. *Heniser*, 172. See also *Null v Auto-Owners Insurance Company*, 2013 WL 5731840 Docket No. 308473 attached as Exhibit H.

To be sure, Michigan Courts have recognized *Heniser* and its progeny to hold that the very phrase Plaintiff's policy with Metropolitan employs: "used as a private residence by you" to require that the insured actually live at the property at the time of loss. See *Banks v Auto Club Group Ins Co*, 2015 WL 3797729, June 18, 2015 attached as Exhibit I.

In *Banks*, the Court of Appeals noted that *Merriam Webster's Collegiate Dictionary* (11th ed), defines "residence" in relevant part as, "the act or fact of dwelling in a place for some time ... the place where one actually lives as distinguished from one's domicile or place of temporary sojourn...." (Exhibit I). Also in *Merriam,* "dwelling" is defined as, "a shelter (as a house) in which people live," and "live" is defined as "to occupy a home." *Id.* *Banks* held "combining these definitions, 'private residence' in the context of the insurance policy means a private house or place of shelter where the named insured actually lives and occupies that is not merely a place of temporary sojourn." (Exhibit I). Therefore,

11

because Banks did not actually live at that insured premises at the time of that loss, it was not Banks' private residence and no coverage was owed. A similar holding is required herein. Plaintiffs did not actually live at the insured premises at the time of this loss, so it was not being used as their private residence, so no coverage is owed.

Therefore, as the subject "Homeowner's Policy" requires that the Plaintiff to be using the property as their private residence at the time of the loss, and Plaintiffs were not, there is no coverage for the loss on December 3, 2016 and the Plaintiffs claims must be dismissed.

Moreover, it must be stated that coverage is also not owed because Plaintiffs used the entirety of the subject dwelling for a "business purpose." It is undisputed in this case that Plaintiffs received rent from the Floyds at the time of the loss and for the two years prior. (Exhibit D, pp 18-19,61). Moreover, there was no limitation by the Floyds on the use of the property, i.e. they rented the entirety of it. (Exhibit D, p 60). Lastly, Plaintiff Beatrice sought lost rents as part of this claim. (Exhibits E and F). Therefore, no coverage is owed for this loss given the property was rented out, i.e. used for a "business purpose" and according the the subject policy's unambiguous language, Plaintiffs' claims must be dismissed. (Exhibit B).

IV. Plaintiffs' Uniform Trade Practices Act Claims Must be Dismissed.

12

Plaintiffs also bring a cause of action under the Uniform Trade Practices Act, M.C.L. § 500.2001 *et seq* (hereinafter referred to as "the UPTA"). The purpose of the UTPA is "to regulate trade practices in the business of insurance...." *See* M.C.L. § 500.2002. Under the UTPA, <u>*should*</u> a plaintiff ultimately prevail on a breach of contract action, "and benefits [are] not paid on a timely basis, the claimant is entitled to 12 percent interest, irrespective of whether the claim is reasonably in dispute." *Griswold Properties, L.L.C. v. Lexington Ins. Co.,* 276 Mich. App. 551, 741 N.W.2d 549, 557 (2007). *See also, Commercial Union Ins. Co. v. Liberty Mutual Ins. Co.,* 426 Mich. 127, 393 N.W.2d 161, 164, n. 5 (1986) (noting that M.C.L. § 500.2006(4) is intended to provide a penalty on insurers who procrastinate or are dilatory in paying).

However, the UTPA does not create a private cause of action. In *Isagholian v. Transamerica Insurance Corp*, 208 Mich App 9; 527 NW2d 13, 17 (1994), the Michigan Court of Appeals found that the UTPA does not give rise to a private cause of action. Likewise, following *Isagholian,* this court in *Society of St. Vincent De Paul in Archdiocese of Detroit v. Mt. Hawley Ins*, 49 F.Supp.2d 1011, 1020 (E.D.Mich., 1999) also concluded that an insured's remedy is limited to penalty interest under the UTPA, not via appropriate cause of action:

> Plaintiff also seeks, pursuant to Michigan's Uniform Trade Practices Act ("UTPA"), to recover "[d]amages caused by the dilatory conduct

13

of Defendant in making full or partial payments on Plaintiff's claim". *See* Def.'s motion, Ex. A, ¶¶ 15-17, and E. Defendant responds that there is no private cause of action under the UTPA, and thus Plaintiff is not entitled to collect damages for an alleged violation of the UTPA. This Court agrees. To the extent Plaintiff alleges a claim for damages premised on Defendant's violation of the UTPA, those claims are DISMISSED. There is no private cause of action for violation of the UTPA. *See National Union Fire Ins. Co. v. Arioli*, 941 F.Supp. 646, 655 (E.D.Mich.1996*); Isagholian v. Transamerica Ins. Corp.*, 208 Mich App 9, 527 NW2d 13, 17 (1994); *Young v. Michigan Mutual Ins. Co.*, 139 Mich App 600, 362 NW2d 844, 846-47 (1984).

*Society of St. Vincent De Paul*, 1020.   While, the UTPA provides a financial penalty in the form of penalty interest <u>if</u> an insurer is dilatory and does not pay *benefits owed* under an insurance policy in a timely manner upon receipt of satisfactory proof of loss, such is not the case in this instance.   For reasons detailed above, Metropolitan does not owe any benefits to Plaintiffs under the contract of insurance as they were not using the property as their private residence (and/or were renting it out).   Interest may only be awarded when benefits are due and not paid in a timely manner. Because there are no benefits due, there cannot be any untimely payments and penalty interest cannot be awarded under MCL 500.2006 (4). Therefore, Plaintiffs' UTPA claims must also be dismissed.

## CONCLUSION

The Plaintiffs were not using the insured property as their private residence at the time of the loss. Moreover, they were using it for a business purpose by renting the entirety of it out to the Floyds. Therefore, no coverage under the subject

14

"Homeowner's insurance" policy can be awarded and this case must be dismissed.

WHEREFORE, Defendant, METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, respectfully requests this Honorable Court grant its Motion for Summary Judgment and dismiss Plaintiff's claims against it in its entirety, with prejudice, and tax all reasonable costs and attorney fees against Plaintiff where permitted by law.

SEGAL McCAMBRIDGE SINGER & MAHONEY

By  /s/ Kerry Lynn Rhoads
KERRY LYNN RHOADS (P55679)
Attorney for Defendant Metropolitan
29100 Northwestern Highway, Suite 240
Southfield, MI 48034
(248) 994-0060

Dated:  October 30, 2018

15

4822-2120-7403, v. 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BEATRICE KELLY, and
RALPH KELLY,

        Plaintiffs,             Case No.  2:18-cv-10982
                                 Hon. Gershwin A. Drain

v                                 Magistrate Judge R. Steven Whalen

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE COMPANY

        Defendant.

| JOSEPH L. MILANOWSKI (P47335) | KERRY LYNN RHOADS (P55679) |
|---|---|
| MELAMED, DAILEY, LEVITT & MILANOWSKI, P.C. | SEGAL McCAMBRIDGE SINGER & MAHONEY |
| Attorney for Plaintiffs | Attorney for Defendant Metropolitan |
| 26611 Woodward Avenue | 29100 Northwestern Highway, Suite 240 |
| Huntington Woods, MI 48070 | Southfield, MI 48034 |
| (248) 591-5000   (248) 541-9456 [Fax] | (248) 994-0060       (248) 994-0061 [Fax] |
| joemilanowski@mdlm-pc.com | krhoads@smsm.com |

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2018, I served the foregoing document (Defendant Metropolitan Group Property and Casualty Insurance Company's Motion for Summary Judgment and Proposed Order Granting Defendant Metropolitan Group Property and Casualty Insurance Company's Motion for Summary Judgment) with the Clerk of the Court using the ECF filing system which will send notification to all parties or their counsel of record and also

16

submitted the Proposed Order Granting Defendant Metropolitan Group Property and Casualty Insurance Company's Motion for Summary Judgment through the document utilities function of the CM/ECF.

/s/ Robyn A. Goldberg

17