# EXHIBIT C

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

BEATRICE KELLY, and
RALPH KELLY,

    Plaintiffs,

v.

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE COMPANY,

    Defendant.

18-0766-CK

Case No. 18-    -CK
Hon.
**JENNIFER FAUNCE**

_____/

MELAMED, DAILEY, LEVITT
& MILANOWSKI, P.C.
By: Joseph L. Milanowski (P47335)
*Attorney for Plaintiffs*
26611 Woodward Avenue
Huntington Woods, MI 48070
T: (248) 591-5000/F: (248) 541-9456
joemilanowski@mdlm-pc.com

**RECEIVED**

FEB 2 7 2018

KAREN A. SPRANGER
Macomb County Clerk

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiffs, Beatrice Kelly (f/k/a Beatrice D. Bragg) and Ralph Kelly, by and through their attorneys, Melamed, Dailey, Levitt & Milanowski, P.C., and state the following in support of their complaint:

### COMMON ALLEGATIONS

1.    Plaintiffs, Beatrice Kelly (f/k/a Beatrice D. Bragg) and Ralph Kelly ("The Kellys"), at all relevant times, were residents of Eastpointe, County of Macomb, Michigan.

2. Defendant, Metropolitan Group Property and Casualty Insurance Company ("MetLife"), is a property and casualty insurance entity authorized to insure property in the state of Michigan.

3. At all relevant times, Defendant was doing business in Macomb County, Michigan.

4. The amount in controversy is in excess of $25,000.00 or is otherwise within the jurisdiction of this Honorable Court.

5. Defendant issued a Homeowners Policy, number 1470006250 ("Policy"), naming Plaintiffs as the named insureds, with a policy period from September 22, 2016 to September 22, 2017, providing coverages for the insured Property for loss from all perils, including coverages for Dwelling in the face amount of $244,128.00; Private Structures in the amount of $48,826.00; Personal Property in the amount of $170,890.00; Loss of Use in the amount of $61,032.00; along with other miscellaneous coverages.

6. At all relevant times surrounding the application for, acceptance of, issuance and term of the Policy, the residence premises was used as a private residence by Plaintiffs.

7. The Policy was in force and effect on or about December 3, 2016.

8. On or about December 3, 2016, Plaintiffs had an insurable interest in the Property.

9. On or about December 3, 2016, Plaintiffs sustained insured fire losses on the Property.

10. Plaintiffs gave timely notice to Defendant and have substantially complied with all the requirements of said Policy of insurance and applicable Michigan law in making their claim for insurance proceeds resulting from said losses.

11. Notwithstanding Plaintiffs' substantial compliance with all claim procedures and the loss being covered under the terms and conditions of the Policy, Defendant denied Plaintiffs' claim.

12. Specifically, the denial was based upon Defendant's unsupported belief that Plaintiffs did not use the residence premises as a private residence at the time Defendant accepted the Policy, during the Policy term, or at the time of the fire loss.

13. Pursuant to the uncontroverted, sworn testimony of Plaintiffs, they continuously used the residence premises as a private residence from the time of the application and acceptance of the Policy for insurance through the fire loss.

## COUNT I – DECLARATORY RELIEF REQUESTED

14. Plaintiffs incorporate the foregoing paragraphs.

15. This Court has subject matter jurisdiction over this claim because Plaintiffs seek declaratory relief and the matter in controversy is within the jurisdictional amount of this Court.

16. Plaintiffs request declaratory relief regarding the improper rescission of the insurance contract and a declaration of coverage for Plaintiffs under said contact.

17. Declaratory relief is proper regarding the subject matter of this action.

18. Defendant improperly and unjustifiably rescinded its contract with Plaintiffs based on its mistaken belief that Plaintiffs did not use the residence premises as a private residence at the time Defendant accepted the Policy, during the Policy term, or at the time of the fire loss.

19. Defendant breached its duties and obligations owed to Plaintiffs under the terms and conditions of the Policy and Michigan law when it improperly rescinded the contract.

WHEREFORE, Plaintiffs respectfully request declaratory relief in the form of an order providing the following judicial declarations:

3

A. Plaintiffs used the residence premises as a private residence at the time Defendant accepted the Policy, during the Policy term, and at the time of the fire loss;

B. Defendant breached its duties and obligations to Plaintiffs when it improperly rescinded the insurance contract;

C. the insurance contract is valid and provides coverage for the claims or potential claims of the Plaintiffs as a result of their insured property loss on or about December 3, 2016; and

D. grant all other appropriate and equitable relief that the Court deems proper.

## COUNT II – BREACH OF CONTRACT

20. Plaintiffs incorporate the foregoing paragraphs.

21. Defendant owed Plaintiffs a duty to handle Plaintiffs' claim in good faith and in a fair, reasonable and timely manner.

22. Defendant failed to handle Plaintiffs' claim in such a manner.

23. Defendant has failed to pay Plaintiffs' claim in the amount they are entitled to, as provided for in the contract of insurance.

24. Defendant's failure to timely and fully pay Plaintiffs' claim is in breach of its obligations under the contract of insurance and Michigan law.

25. Defendant is required to comply with the Michigan Uniform Trace Practices Act (herein referred to as the "UTPA"), being MCL 500.2001, MSA 24.12001, et seq., as amended, and the terms of the UTPA are implied terms in the Policy.

26. Defendant engaged in one or more unfair or deceptive acts or practices in breach of the implied terms of the Policy.

27. Plaintiffs have also suffered and continue to suffer additional economic consequential damages, which were within the reasonable contemplation of the parties when they entered into the contact and/or where the natural consequence of Defendant's breach of contract.

28. Plaintiffs claim contractual and consequential damages from Defendant as a proximate result of its breach of contract in the amount they are found to be entitled, together with costs, interest and attorney fees, as well as other relief to which they may be entitled.

WHEREFORE, Plaintiffs request this Honorable Court enter a judgment against Defendant in the amount Plaintiffs are determined to be entitled, together with costs, interest and attorney fees, as well as other relief to which they may be entitled.

## COUNT III – DEFENDANT'S VIOLATIONS OF THE MICHIGAN UTPA

29. Plaintiffs incorporate the foregoing paragraphs.

30. At all relevant times, Defendant was and still is subject to the Michigan UTPA, being MCL 00.2001, MSA 24.12001, et seq., as amended.

31. Defendant is a person within the meaning of the UTPA.

32. Plaintiffs, at all relevant times, were entitled to benefits under the Defendant's contract of insurance.

33. Defendant failed to pay Plaintiffs' claim on a timely basis, in violation of the UTPA, MCL 500.2006.

34. Plaintiffs claim interest, as provided for in the UTPA.

5

WHEREFORE, Plaintiffs request this Honorable Court enter a judgement against Defendant in the amount Plaintiffs are determined to be entitled, together with costs, interest and attorney fees, as well as other relief to which they may be entitled.

Respectfully submitted,

MELAMED, DAILEY, LEVITT
& MILANOWSKI, P.C.

By: Joseph L. Milanowski (P47335)
*Attorney for Plaintiffs*
26611 Woodward Avenue
Huntington Woods, MI 48070
T: (248) 591-5000/F: (248) 541-9456
joemilanowski@mdlm-pc.com

Dated: February 27, 2018

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, Melamed, Dailey, Levitt & Milanowski, P.C., demand a trial by jury in the above cause.

Respectfully submitted,

MELAMED, DAILEY, LEVITT
& MILANOWSKI, P.C.

By: Joseph L. Milanowski (P47335)
*Attorney for Plaintiffs*
26611 Woodward Avenue
Huntington Woods, MI 48070
T: (248) 591-5000/F: (248) 541-9456
joemilanowski@mdlm-pc.com

Dated: February 27, 2018