UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEATRICE KELLY, and
RALPH KELLY,

        Plaintiffs,

v

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE COMPANY

        Defendant.

Case No. 2:18-cv-10982
Hon. Gershwin A. Drain
Magistrate Judge R. Steven Whalen

| JOSEPH L. MILANOWSKI (P47335) | KERRY LYNN RHOADS (P55679) |
|---|---|
| MELAMED, DAILEY, LEVITT & MILANOWSKI, P.C. | SEGAL McCAMBRIDGE SINGER & MAHONEY |
| Attorney for Plaintiffs | Attorney for Defendant Metropolitan |
| 26611 Woodward Avenue | 29100 Northwestern Highway, Suite 240 |
| Huntington Woods, MI 48070 | Southfield, MI 48034 |
| (248) 591-5000    (248) 541-9456 [Fax] | (248) 994-0060        (248) 994-0061 [Fax] |
| joemilanowski@mdlm-pc.com | krhoads@smsm.com |

## DEFENDANT METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................iii

INDEX OF EXHIBITS........................................................................iv

INTRODUCTION..............................................................................1

ARGUMENT...................................................................................1

    A.    Michigan Case Law Does Not Validate Plaintiffs' Reference To Inapplicable Policy Provisions When There Is No Coverage Owed In The First Place...................................................................1

    B.    Plaintiffs' Perversion Of The Applicable Policy Language Must Not Be Heeded.............................................................................3

    C.    Plaintiffs' Misinterpretation Of The Applicable Case Has No Merit....................................................................................4

    D.    There Is No Question Of Fact and Metropolitan's Motion for Summary Judgment Must Be Granted......................................................6

CONCLUSION ................................................................................7

# TABLE OF AUTHORITIES

## MICHIGAN CASES

*Banks v. Auto Club Group Ins. Co.*, 2015 WL 3797729, Docket No. 320985 ..........5,6

*Durham v. Auto Club Group Insurance Company*, 2016 WL 7233319, Docket No. 329667 ...... 5

*Heniser v. Frankenmuth Mut. Ins.*, 449 Mich. 155, 534 N.W.2d 502 (1995) ... 5,6

*McGrath v. Allstate Ins. Co.*, 290 Mich. App. 434, 436, 802 N.W.2d 619 (2010) ..4,5

*Vushaj v. Farm Bureau General Ins. Co. of Michigan.*, 284 Mich. App. 513, 773 N.W.2d 758 (2009).......... 4

## **INDEX OF EXHIBITS**

**K**  Beatrice Kelly's Deposition

**L**  Melaundra Gibson's Deposition

**M**  Plaintiffs' Tax Records

# INTRODUCTION

Metropolitan's Motion for Summary Judgment focused on the unambiguous policy language that states, in relevant part, that the dwelling is not covered when it is not used by the Plaintiffs as their private residence and/or if they rented the entirety of the dwelling out. The Plaintiffs concede that the dwelling was not being used by them as their private residence and they had a tenant who had an unfettered rental and use of said property for the 2½ years before the subject loss. Therefore, Metropolitan's Motion for Summary Judgment must be granted.

# ARGUMENT

The Plaintiffs propose that the Metropolitan policy is ambiguous because it contemplates that they could temporarily reside elsewhere. This suggestion is not supported given the undisputed facts of *this* case, the unambiguous and harmonious policy language applicable to *this* loss and the germane Michigan case law.

### A. *Michigan Case Law Does Not Validate Plaintiffs' Reference to Inapplicable Policy Provisions When There Is No Coverage Owed in the First Place.*

Metropolitan's unambiguous coverage language states that for coverage of a dwelling to be owed, the dwelling must be owned by the insured and the dwelling must be used by the insured as their private residence. (Exhibit B to Motion for Summary Judgment, Bate Stamp No. MET01104)(bold emphasis in original as a defined term in the policy). Further, no coverage is owed if said residence premises

1

is used for business purposes. (Exhibit B, Bate Stamp No. MET01103)(bold emphasis in original as a defined term in the policy).

The dwelling was not being used by the Plaintiffs as their private residence and in turn were also using it for business purposes. Plaintiffs concede that they and their two children moved to the Cincinnati, Ohio area 2½ years before the loss.[1] (Exhibit D, pp 8-9, 13-14). Plaintiffs also admit that for those straight 2½ years, they were renting the entirety of the subject dwelling to Mrs. Gibson. (Exhibit D, pp 18-19, 60, 61). Mrs. Gibson agrees. (Exhibit L, pp 10, 18, 44-47). Moreover, both Plaintiffs and Mrs. Gibson agree that for said 2½ years, the subject utilities were in the name Mrs. Gibson, not the Plaintiffs'. (Exhibit D, p 50 and Exhibit L, pp 18, 46, 51). Plaintiffs also concede that they had no clothes, no food, no personal items, no beds, no linens, no kitchen items, etc. in the home for those 2½ years. (Exhibit A, pp 28-33; Exhibit D, pp 25, 60, 67). Mrs. Gibson agrees. (Exhibit L, pp 22-29).

Plaintiff's contractual obligation is not simply to use the dwelling as *a* residence, rather it must be used by the Plaintiffs as *their* private residence. There is nothing ambiguous about the facts or the policy in this case and Metropolitan's Motion for Summary Judgment must be granted.

---

[1] Plaintiffs' recitation to an "apartment" in Ohio is wholly misleading. Plaintiff called it a townhouse (Exhibit K, p 9) and her tenant, Melaundra Floyd n/k/a Melaundra Gibson, described it as a 3-story home with bedrooms on differing floors, a finished basement, etc. (Exhibit L, Melaundra Gibson's deposition, p 19).

2

The requirement that the subject dwelling be used by the Plaintiffs as *their* private residence is reinforced by Metropolitan's "business purposes" language, which finds that no coverage is owed if the residence premises is rented out in its entirety on more than an intermittent basis. In this case, Mrs. Gibson rented the entirety of the subject dwelling for 2½ years before this loss, without interruption. (See Exhibits D and L). Hence, Plaintiffs were using the dwelling for a business purpose and Metropolitan's Motion for Summary Judgment must be granted.[2]

### B. Plaintiffs' Perversion of the Applicable Policy Language must not be Heeded.

Metropolitan's policy is not ambiguous when read in its entirety. First, the Metropolitan policy dictates that the subject dwelling must be "used as a private residence by you". (Exhibit B, Bate Stamp No. MET01103). The "by you" language is not surplusage. The entirety of that language requires the dwelling to be used by the Plaintiffs as their private residence. It was not and this matter must be dismissed.

Second, reference to other Metropolitan policy provisions actually bolsters its Motion. For example, vandalism coverage is excluded if the dwelling is vacant for more than 30 consecutive days. (Exhibit B). This provision has no applicability

---

[2] Should there be any doubt, Plaintiffs' tax records reflect that their Ohio residence was used by the Plaintiffs as their private residence and the subject dwelling was not. In particular, the Plaintiffs affirmed that the Ohio address was their "home address," they claimed childcare expenses in Ohio, and addressed rental income from the subject dwelling as a "rental property." (Exhibit M, Plaintiffs' tax records).

3

herein, because the subject dwelling was not vacant for *any* time period. Rather, it was solely used by tenants, one of which, caused the subject loss. (Exhibits D and L). Same is true for the theft example. Coverage for theft away from the residence premises is excluded, if it occurs at any other residence, except "while you are temporarily residing there." (Exhibit B). This language proves the exact point made in this instance. If Plaintiffs have another residence, Metropolitan does not cover the loss of personal property at that other residence, unless Plaintiffs were only temporarily residing there. There was nothing temporary about Plaintiffs' 2½ year residency in Ohio. See discussion, *supra*.

The various policy provisions are not exclusive to one another. As long as the dwelling is used by the Plaintiffs as their private residence, they can occasionally vacate the premises or have a temporary residence elsewhere. Therefore, because the various policy provisions can be read in harmony, the policy is <u>not</u> ambiguous. See *Vushaj v Farm Bureau General Ins. Co. of Michigan*, 284 Mich. App. 513, 773 N.W.2d 758 (2009). Therefore, Metropolitan's Motion for Summary Judgment must be granted.

***C. Plaintiffs' Misinterpretation of the Applicable Case Law Has No Merit.***

*McGrath* is on point with the facts in this case. McGrath wanted to return to the subject home, just as Plaintiffs supposedly wanted to. (See Plaintiffs' brief, p 3 and p 15; *McGrath*, p 437; as wells as Exhibit A, 14-19, 57-58 and Exhibit D 42-

43). However, just like McGrath, regardless of the reason, Plaintiffs had only intermittently returned to the home over the course of the previous 2 years and could not even identify when that last time was. *McGrath*, 437 and Exhibit A, p 61. Just as McGrath was deemed not to be residing at the Gaylord home, neither should Plaintiffs be deemed to be residing at the subject dwelling at the time of the loss.

Plaintiffs reliance on *Durham v Auto Club Group Insurance Company*, unpublished opinion per curiam of the Michigan Court of Appeals, issued December 13, 2016 (Docket No. 329667) is misplaced, partly because it was incorrectly decided in light of published Michigan Supreme Court precedence, i.e. *Heniser*, but also because of the factual dissimilarities to this matter. The *Durham* opinion makes much ado about Durham's future intention to use the insured premises as a private residence. However, that intention is irrelevant according to *Heniser*. See *Heniser*, pp 168 and 172. Moreover, the *Durham* policy allowed the residence premises to "be vacant or unoccupied <u>without limit of time</u>." (underline emphasis added). There is no such language in this instance. Rather, only an occasional or temporary use of another residence is permitted under the subject policy. See Exhibit B.

Indeed, the *Durham* court distanced itself from *Banks v Auto Club Group Ins. Co.*, 2015 WL 3797729, June 18, 2015, because the "facts in *Banks* are different." Yet, *Banks* is factually identical to the present matter. (See Exhibit I to Metropolitan's Motion). In *Banks,* the exact policy language requiring that the

5

dwelling be "used as a private residence by you" was at issue. The Court of Appeals correctly held, under *Heniser*, that such language requires that the insured actually live at the property at the time of loss. (See Exhibit I). Although the Banks kept furniture and a few personal belongings at the home, it was undisputed that they primarily resided elsewhere. Those facts led the Michigan Court of Appeals to conclude that Banks did not "actually live" at the home at the time of a fire and therefore no coverage was owed. (Exhibit I). These are the exact same circumstances as those herein. *Banks* compels dismissal of Metropolitan herein.

### D. *There Is No Question of Fact and Metropolitan's Motion for Summary Judgment Must Be Granted.*

In the alternative, the Plaintiffs contend there are questions of fact. Plaintiffs are wholly wrong in this regard. Metropolitan accepts that Plaintiffs moved away from the dwelling 2½ years before the loss.[3] Metropolitan accepts that Plaintiffs had a tenant paying rent for the use of the entirety of the subject dwelling for those 2½ straight years. Metropolitan accepts that all beds, clothing, personal items and food in the dwelling at the time of the loss were that of the Plaintiffs' tenants. Metropolitan accepts that Plaintiffs identified their residence as Ohio and claimed tax benefits for the subject dwelling as a "rental property." In other words, the

---

[3] By doing so, for purposes of this Motion, Metropolitan does not waive its fraud/misrepresentation defense to this claim inasmuch as Plaintiff Beatrice failed to inform Metropolitan of these facts when applying for this policy within the weeks before this loss.

6

undisputed facts are that the dwelling was not used by the Plaintiffs as their private residence and/or the entirety of it was used for business purposes and therefore summary judgment must be granted.

## CONCLUSION

The subject dwelling was not used by the Plaintiffs as their private residence at the time of the loss. Moreover, it was being used for a business purpose by renting the entirety of it out for 2½ straight years. Therefore, there is no coverage under the subject Metropolitan policy and this case must be summarily dismissed.

WHEREFORE, Defendant, METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, respectfully requests this Honorable Court grant its Motion for Summary Judgment and dismiss Plaintiffs' claims against it in its entirety, with prejudice, and tax all reasonable costs and attorney fees against Plaintiffs where permitted by law.

SEGAL McCAMBRIDGE SINGER & MAHONEY

By /s/ Kerry Lynn Rhoads
KERRY LYNN RHOADS (P55679)
Attorney for Defendant Metropolitan
29100 Northwestern Highway, Suite 240
Southfield, MI 48034
(248) 994-0060

Dated: January 3, 2019

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BEATRICE KELLY, and
RALPH KELLY,

        Plaintiffs,

v

METROPOLITAN GROUP PROPERTY
AND CASUALTY INSURANCE COMPANY

        Defendant.

Case No. 2:18-cv-10982
Hon. Gershwin A. Drain
Magistrate Judge R. Steven Whalen

| JOSEPH L. MILANOWSKI (P47335) | KERRY LYNN RHOADS (P55679) |
|---|---|
| MELAMED, DAILEY, LEVITT & MILANOWSKI, P.C. | SEGAL McCAMBRIDGE SINGER & MAHONEY |
| Attorney for Plaintiffs | Attorney for Defendant Metropolitan |
| 26611 Woodward Avenue | 29100 Northwestern Highway, Suite 240 |
| Huntington Woods, MI 48070 | Southfield, MI 48034 |
| (248) 591-5000   (248) 541-9456 [Fax] | (248) 994-0060   (248) 994-0061 [Fax] |
| joemilanowski@mdlm-pc.com | krhoads@smsm.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2019, I served the foregoing document (Defendant Metropolitan Group Property and Casualty Insurance Company's Reply to Plaintiffs' Response to Defendant's Motion for Summary Judgment) with the Clerk of the Court using the ECF filing system which will send notification to all parties or their counsel of record.

                                                          /s/ Robyn A. Goldberg