# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 12, 2019

Mr. Joseph Lee Milanowski
Melamed, Levitt, Milanowski & Earls
26611 Woodward Avenue
Huntington Woods, MI 48070

Mr. Kerry Lynn Rhoads
Segal McCambridge
29100 Northwestern Highway, Suite 240
Southfield, MI 48034

           Re:  Case No. 19-1326, *Beatrice Kelly, et al v. Metropolitan Group Insurance*
                 Originating Case No.: 2:18-cv-10982

Dear Counsel,

   The Court issued the enclosed Order today in this case.

                                 Sincerely yours,

                                 s/Laura A. Jones
                                 for Ryan E. Orme
                                 Case Manager
                                 Direct Dial No. 513-564-7079

cc: Mr. David J. Weaver

Enclosure

No. 19-1326

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BEATRICE KELLY, et al., | ) | |
| | ) | **FILED** |
| Plaintiffs-Appellants, | ) | Aug 12, 2019 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | O R D E R |
| | ) | |
| METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

    Defendant Metropolitan Group Property and Casualty Insurance Company appeals the grant of summary judgment to Plaintiffs Beatrice and Ralph Kelly in this diversity action for breach of contract. Metropolitan moves to supplement the record with a complete version of Plaintiffs' 2015 and 2016 income tax records and requests oral argument on the motion. Plaintiffs oppose the motion.

    Fed. R. App. P. 10(e) permits supplementation of the district court record when the parties dispute whether the record actually discloses what occurred in the district court, or when a material matter is omitted by error or accident. Fed. R. App. P. 10(e)(2)(A)−(C); *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997). The purpose of the rule is to permit the correction of omissions or misstatements, not to introduce new evidence before the court of appeals that was not considered below. *Id.* at 487−88. Also, in limited circumstances, the court of appeals may supplement the appellate record in the exercise of its equitable powers. *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003). The court considers several factors before deciding whether to exercise its equitable powers to supplement the record:

No. 19-1326
-2-

>1) whether proper resolution of the case was beyond any dispute, 2) whether it would be inefficient to remand to the district court for review of additional facts, 3) whether the opposing party had notice of the existence of the disputed evidence, and 4) whether the case is before the court on a habeas corpus claim, because federal appellate judges have "unique powers" in that context.

*United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005).

Without analyzing the merits of the appeal, it is unclear whether the full tax records should be admitted under the court's equitable powers. But the parties have completed briefing and the case will be submitted to a merits panel shortly. Thus, under the circumstances of this case, that panel is better situated to consider whether to supplement the record.

The motion to supplement the record is **REFERRED** to the merits panel.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk