# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 13, 2020

Mr. Joseph Lee Milanowski
Melamed, Levitt, Milanowski & Earls
26611 Woodward Avenue
Huntington Woods, MI 48070

Ms. Kerry Lynn Rhoads
Segal McCambridge
29100 Northwestern Highway
Suite 240
Suite 240
Southfield, MI 48034

Re: Case No. 19-1326, *Beatrice Kelly, et al v. Metropolitan Group Insurance*
Originating Case No. : 2:18-cv-10982

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0204n.06

**Case No. 19-1326**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| BEATRICE KELLY, RALPH KELLY, | ) |
| | ) |
| Plaintiffs-Appellants, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| METROPOLITAN GROUP PROPERTY AND | ) DISTRICT OF MICHIGAN |
| CASUALTY INSURANCE COMPANY, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) O P I N I O N |

**FILED**
Apr 13, 2020
DEBORAH S. HUNT, Clerk

**BEFORE: DAUGHTREY, CLAY, and GRIFFIN, Circuit Judges.**

**CLAY, Circuit Judge**. Plaintiffs Beatrice and Ralph Kelly appeal the district court's order granting summary judgment for Defendant Metropolitan Group Property and Casualty Insurance Company ("Metropolitan"). Plaintiffs filed the instant lawsuit for breach of contract and violation of Michigan's Uniform Trade Practices Act, M.C.L. §§ 500.2001 *et seq.*, when Metropolitan denied Beatrice Kelly's insurance claim on her homeowner's insurance policy after a fire severely damaged her Eastpointe, Michigan home. For the reasons set forth below, we **AFFIRM** the district court's judgment.

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

# I. BACKGROUND

In 2005, Plaintiff Beatrice Kelly purchased a home in Eastpointe, Michigan. Kelly resided at that home with her husband, Plaintiff Ralph Kelly, and their two children until 2014, when the family moved to Maineville, Ohio, where they still live. They relocated after Kelly received a job promotion from her employer, Fifth Third Bank. Her 2014 promotion required her to train for an indefinite period of time at Fifth Third Bank's corporate headquarters in Cincinnati, Ohio. After moving, Kelly began to rent her Michigan home to a friend, Melaundra Floyd, for $700 per month. In April 2014, Floyd signed a one-year lease with Kelly and entered into a month-to-month lease once the one-year lease expired in 2015. Kelly rented out the entirety of her property to Floyd, with no express limitations on use or access. Kelly admitted in deposition testimony that she does not remember the last time she stayed overnight at the home. The most Kelly suggests is that she visited the home in November 2016.

Most of the items in the Michigan home belonged to Floyd, including two bedroom sets, multiple televisions, dressers, a dining room set, and a washer and dryer. Kelly did testify that some of her family's possessions remained in the home, including kitchen appliances, a stove, refrigerator, clothing, a television, a couch, and other miscellaneous personal items. But Kelly also testified that Floyd directly paid for the utilities.

In 2016, Defendant Metropolitan Group Property and Casualty Insurance Company issued a Homeowner's Insurance policy to Kelly for the Michigan home. That policy was in effect from September 22, 2016 through September 22, 2017. The policy insured the home against various types of loss, including fire damage, but expressly denied coverage over any portion of the house used for "business purposes." R. 17, PageID # 94. The policy defines "business purposes," in relevant part, as "property rented or held for rental by you." R. 17-2, PageID # 133. However,

Case 2:18-cv-10982-GAD-RSW ECF No. 32, PageID.507 Filed 04/13/20 Page 4 of 13
Case: 19-1326 Document: 32-2 Filed: 04/13/2020 Page: 3 (4 of 13)

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

there are three enumerated exceptions to this general rule. "Rental of the residence premises is not considered business when: A. it is rented occasionally for use as a residence; B. a portion is rented to no more than two roomers or boarders; or C. a portion is rented as a private garage." *Id.*

On December 3, 2016, a fire significantly damaged Kelly's home. Floyd's daughter allegedly caused the fire when she fell asleep while cooking. After the fire, Kelly filed an insurance claim with Defendant. She also sought reimbursement for lost rent for January. Defendant denied all claims because, it asserted, Kelly violated the policy agreement by not using the property as a private residence and instead using it for a business purpose.

In response, Kelly filed the instant suit for breach of contract and violation of Michigan's Uniform Trade Practices Act (UTPA) in Michigan state court on February 27, 2018. On March 26, 2018, Defendant filed a Notice of Removal to the Eastern District of Michigan based upon diversity of the parties. On October 30, 2018, Metropolitan moved for summary judgment on all of Kelly's claims.

The district court granted summary judgment for Defendant, finding that Kelly's rental of the home to Floyd constituted a prohibited "business purpose" under the policy. Kelly then timely appealed to this Court.

## II. DISCUSSION

### A. Jurisdiction

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Defendant's Notice of Removal alleges that Defendant is a Rhode Island corporation and that Plaintiffs are residents of either Ohio or Michigan. Additionally, the Notice alleges that the amount in controversy exceeds the statutory

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

minimum of $75,000 because Kelly claimed over $125,000 in losses from the fire. The Notice, however, did not allege the location of Defendant's principal place of business, nor did it allege the Plaintiffs' state of domicile. The district court did not question its subject matter jurisdiction in this matter, finding that based upon the Notice of Removal, "[t]he case was properly removed to this Court on diversity jurisdiction grounds on March 26, 2018." R. 27, PageID # 487.

Because a corporation is a citizen of its state of incorporation and its principal place of business, 28 U.S.C. § 1332, a notice of removal must allege both locations. *McGhee v. Hybrid Logistics, Inc.*, 599 F. App'x 259, 259 (6th Cir. 2015) (per curiam); *see also Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (reaffirming *McGhee* in a published opinion and holding that a complaint filed by a corporation must allege both the state of incorporation and location of its principal place of business). We have also held that an allegation of residence "does not aver citizenship." *Prime Rate*, 930 F.3d at 765. Instead, to comply with § 1332, an individual must allege where she is domiciled to establish citizenship in that state, or else the court must dismiss the suit. *E.g.*, *id*. In the present case, complete diversity cannot be established without confirmation of Defendant's state of incorporation and principal place of business as well as the Kellys' domicile.

Fortunately, 28 U.S.C. § 1653 provides a simple cure for these otherwise serious jurisdictional issues. That statute provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. In light of this, we ordered the parties to show cause as to why this Court should not dismiss Plaintiffs' appeal for want of jurisdiction. In its response, Metropolitan adequately alleged both its state of incorporation and principal place of business to cure its deficient pleading. Metropolitan has furnished business records and a sworn affidavit from Maura Travers—its Assistant General Counsel and Secretary—

- 4 -

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

establishing that Metropolitan is incorporated in Rhode Island and has its principal place of business in Rhode Island. Moreover, while the parties dispute in their submissions whether the Kellys are domiciled in Ohio or Michigan, they are diverse from Metropolitan in any event. Therefore, this Court has subject-matter jurisdiction over the instant matter and will proceed to address the merits of Plaintiffs' appeal.

### B. Summary Judgment for Defendant

#### i. Standard of Review

We review the district court's order granting summary judgment for Defendants *de novo*. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 403 (6th Cir. 1997). To be entitled to summary judgment, Defendants must have demonstrated that there was no genuine dispute as to any material fact, thereby entitling them to judgment as a matter of law. Fed. R. Civ. P. 56(a). A "material" fact is one which "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. Importantly, a court may not "weigh the evidence and determine the truth of the matter" in deciding a motion for summary judgment. *Id.* at 249. "Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Wathen*, 115 F.3d at 403. However, if the evidence is "merely colorable" or "not significantly probative," then "summary judgment may be granted." *Anderson*, 477 U.S. at 249–50.

#### ii. Analysis

This case presents a narrow issue: whether Defendant breached its contract with Kelly by denying her insurance claim. The answer turns on the meaning of "occasional" as used in the policy. The policy covers the listed "residence premises" (*i.e.*, Kelly's Michigan home), but "does

- 5 -

Case 2:18-cv-10982-GAD-RSW ECF No. 32, PageID.510 Filed 04/13/20 Page 7 of 13 (7 of 13)
Case: 19-1326    Document: 32-2    Filed: 04/13/2020    Page: 6

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

not include any portion of a premises used for business purposes." R. 17-2, PageID # 128, 133. And, "[r]ental of the residence premises is not considered business when . . . it is rented **occasionally** for use as a residence." *Id.* at PageID # 133 (emphasis added). If Kelly's two-and-a-half year, uninterrupted rental of the Michigan home to Floyd can be construed as an "occasional" use as a residence, then Plaintiffs have satisfied the business purpose exception and Defendant's denial of Kelly's claim was a breach of contract.

Under Michigan law, an insurance policy is "an agreement between the parties in which a court will determine what the agreement was and effectuate the intent of the parties." *Auto-Owners Ins. Co. v. Churchman*, 489 N.W.2d 431, 433 (Mich. 1992). Importantly, when the policy language is clear, a court must enforce the specific language of the contract. *Heniser v. Frankenmuth Mut. Ins. Co.*, 534 N.W.2d 502, 504–05 (Mich. 1995). "An insurance contract is not ambiguous merely because a term is not defined in the contract." *McGrath v. Allstate Ins. Co.*, 802 N.W.2d 619, 622 (Mich. Ct. App. 2010). Instead, "[a]ny terms not defined in the contract should be given their plain and ordinary meaning, which may be determined by consulting dictionaries." *Id.* (citation omitted); *see also Bianchi v. Auto. Club of Mich.*, 467 N.W.2d 17, 20 n.1 (Mich. 1991) ("The terms of an insurance policy should be construed in the plain, ordinary and popular sense of the language used, as understood by the ordinary person.") (quoting 14 Callaghan, Michigan Civil Jurisprudence, Insurance, § 149). Ultimately, "[t]his Court cannot create ambiguity where none exists." *Auto-Owners Ins. Co.*, 489 N.W.2d at 434.

The parties agree that "occasionally" is not defined in the policy, but dispute how to define it. Plaintiffs, while acknowledging that "occasionally" plainly refers to an infrequent event that occurs "now and then," emphasize that "occasion" has also been defined by Merriam-Webster as "a favorable opportunity or circumstance . . . a state of affairs that provides a ground or reason . .

Case 2:18-cv-10982-GAD-RSW ECF No. 32, PageID.514 Filed 04/13/20 Page 8 of 13 (8 of 13)
Case: 19-1326 Document: 32-2 Filed: 04/13/2020 Page: 7

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

. a need arising from a particular circumstance." Br. of Appellants at 16. Plaintiffs then frame Kelly's decision to relocate to Ohio as a "favorable opportunity or circumstance to pursue a job promotion" that "provided a ground or reason" to have Floyd rent her home. *Id.* at 17. Thus, Plaintiffs argue, Kelly's rental to Floyd is "occasional" and not a "business purpose." *Id.* Defendant responds by pointing to the common dictionary definitions of "occasional," including those Plaintiffs acknowledged: "now and then" and "from time to time." Br. of Appellee at 16. Metropolitan contends that an uninterrupted, two-and-a-half-year lease cannot be construed as "on occasion" or "from time to time." *Id.* Plaintiffs replies with the following summation of their view of what "occasionally" can mean:

> Metropolitan assumes, without much authority, that "occasionally" can only be viewed in a temporal aspect—that occasional rental of a home refers to how long it was rented out (i.e., for a few weeks or months, not for a year or more). However, in the context of the subject policy language, "occasionally" really has a situational aspect—meaning what is important is whether this was a limited purpose instance of renting out an insured home, as opposed to it being a part of a plan or practice to turn the premises primarily into an income-producing rental property.

Reply Br. of Appellants at 4.

Plaintiffs do not persuasively demonstrate why the policy language at issue suggests that this "situational" understanding of "occasional" is correct. Nor could they. The "business purpose" exception is designed to prevent landlords from obtaining homeowners insurance policies. There are of course the enumerated exceptions which would permit, for example, the rental of a spare bedroom or a weeklong house-sitter to fully occupy a home while the owners were away. But Plaintiffs' definition of "occasional" would swallow the general rule against rentals and permit indeterminate duration rentals of entire properties if they were for any "limited purpose." This undermines the rationale of the contractual provision and cuts against the "plain and ordinary meaning" of occasionally. *McGrath*, 802 N.W.2d at 622. Kelly did not "simply rent[] out her home

- 7 -

on one occasion to her good friend," Reply Br. of Appellants at 6, instead she engaged in a long-term, apparently indefinite landlord-tenant relationship. Kelly regularly collected rent, permitted Floyd to pay directly for the home's utilities, and Kelly claimed lost rent following the fire. Kelly cannot even remember the last night she stayed in the home.

Moreover, while Kelly claims that she intended to return to the home, she declined an opportunity to do so because her husband was unable to transfer jobs. Her actions are not those of an individual committed to returning home after a temporary job assignment, but rather someone who has established herself in a new community. With these facts and Plaintiffs' failure to cite authorities finding that a mere claimed intent to return suffices to make an otherwise long-term rental "occasional," this argument cannot outweigh the plain meaning of "occasionally."

Perhaps if the "business purposes" exception at issue read "it is rented for *an* occasion for use as a residence," rather than "it is rented occasionally for use as a residence," Plaintiffs' novel "situational" definition of the word "occasionally" would make sense. In that case, a rental, even one as long as two-and-a-half-years, might arguably be "occasional" if it was for the express purpose of keeping the home occupied while the owner was temporarily living elsewhere. But the plain text of Kelly's policy states that it is only if the entire property is "rented occasionally for use as a residence," then a homeowner does not trigger the "business purpose" exclusion. "Occasionally" modifies "rented," rather than describes the situation the homeowner is in. Ultimately, this Court must adhere to the Michigan rule that it may not create ambiguity in an insurance policy where there is none. *Auto-Owners Ins. Co.*, 489 N.W.2d at 434.[1]

---

[1] Because Kelly did "turn the premises primarily into an income-producing rental property," her rental to Floyd was not for a "limited purpose instance" and therefore was not occasional under Plaintiffs' proposed definition. Reply Br. of Appellants at 4.

- 8 -

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

While it appears that this Court has yet to expressly define the term "occasionally" (or its various permutations) in the context of permissible rental agreements under insurance contracts, several other courts—both state and federal—have consistently held that rental agreements of the sort at issue in the present case are not "occasional." *See, e.g.*, *Allstate Ins. Co. v. Sylvester*, No. 07–00360 SOM/BMK, 2008 WL 2164657, at *6 (D. Haw. May 21, 2008) ("The plain meaning of 'occasional' is 'Occurring from time to time or Not habitual; infrequent' . . . 'Occasionally' is similarly defined as 'Now and then; from time to time; sometimes.'" (dictionary citations omitted)); *Hess v. Liberty Mut. Ins. Co.*, 458 So.2d 71, 72 (Fla. Dist. Ct. App. 1984) ("The reasonable, practical and sensible interpretation of the language 'any part of a premises occasionally rented to any insured for other than business purposes' does not refer to the situation where a father co-signs a one year lease for his daughter. Rather it refers to rentals occurring now and then, such as vacation rentals."); *State Farm Fire & Cas. Co. v. Piazza*, 131 P.3d 337, 338 (Wash. Ct. App. 2006) ("[W]e conclude, as a matter of law, that a continuous rental arrangement of over 26 months cannot be called 'occasional' under any definition of the term. The long term rental arrangements and total absence of the homeowner for over two years all are typical of a landlord/tenant relationship, not rental on an occasional basis."). Notably, Kelly has not identified any authority defining "occasionally" so expansively as to encompass a multi-year, uninterrupted lease.

Moreover, the out-of-circuit cases Kelly cites are unavailing. In *LeCompte v. Lafayette Insurance Co.*, 813 So.2d 432, 435 (La. App. 2001), the Louisiana Court of Appeal interpreted an insurance policy with a similar business-purpose exception for "occasional" rentals. The provision denied coverage for "property damage . . . [a]rising out of the rental or holding for rental of any part of any premises by an 'insured,'" unless the rental was "[o]n an occasional basis if used only

- 9 -

Case 2:18-cv-10982-GAD-RSW ECF No. 32, PageID.514 Filed 04/13/20 Page 11 of 13
Case: 19-1326 Document: 32-2 Filed: 04/13/2020 Page: 10 (11 of 13)

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

as a residence." *Id.* The court identified "continuous" as the antonym of "occasional" and defined "continuous" as: "Uninterrupted; unbroken; not intermittent or occasional; so persistently repeated at short intervals as to constitute virtually an unbroken series. Connected, extended, or prolonged without cessation or interruption of sequence." *Id.* at 434–35 (citation omitted). It then found that the business purpose exception applied even though the homeowner had rented the home to different tenants, once for twelve months and again for ten months. *Id.* at 435–36. This was because the homeowner had listed the home for sale when he rented it the second time, the second tenants were in the process of finding a permanent home and were only seeking interim accommodations, and there was a gap of roughly a month between the two tenancies. *Id.* Ultimately, the Court of Appeal affirmed the trial court's grant of summary judgment for the plaintiff because the two rentals did not "establish[] a pattern of rentals so uninterrupted, so unbroken, or so persistently repeated at short intervals as to constitute virtually an unbroken series . . . [t]he attempts to sell intervened," and thus the rental was on an "occasional," rather than "continuous" basis. *Id.* at 436.

In the present case, by contrast, there was only one rental, it was unbroken for two-and-a-half-years at the time of the loss, and Plaintiffs have not shown when Kelly intended to terminate Floyd's tenancy nor even if there was a reasonable likelihood that Kelly would return to Michigan in the foreseeable future. Thus, unlike the rentals in *LeCompte*—which were temporary by virtue of the homeowner's efforts to sell the house, were shorter in duration than Floyd's and, in the case of the second tenants, expressly an interim arrangement—Kelly engaged in a "continuous," "uninterrupted," and "unbroken" rental. *Id.* at 435.

In *Insurance Co. of North America v. Howard*, 679 F.2d 147, 149 (9th Cir. 1982), the Ninth Circuit held that "[a] recent widow who leases her home for a one-year period (with or without a 30 day cancellation provision) while she attempts to resolve her future plans has certainly not gone

Case 2:18-cv-10982-GAD-RSW ECF No. 32, PageID.515 Filed 04/13/20 Page 12 of 13
Case: 19-1326 Document: 32-2 Filed: 04/13/2020 Page: 12 (12 of 13)

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

into the business of renting homes. Her action was a temporary expedient and constituted an occasional rental." The court observed that the homeowner had testified at her deposition that she rented her home "because she had intended to visit Florida and did not want the house to be vacant for any length of time. She also testified that she did not want to give up her home and had not made any final decision whether to do so." *Id.* at 148. Kelly, by contrast, has not testified to comparable facts. Rather than merely intending to "visit [Ohio]," Kelly has relocated there. While her motivations may be similar—Kelly, like the homeowner in *Howard*, purportedly did not want her house to be vacant—the indefinite nature of Floyd's rental, its length (much more than "a one-year period"), and Kelly's relocation to Ohio, suggest that it was not a "temporary expedient."

Ultimately, the district court did not err in granting summary judgment to Defendant because Kelly utilized the Michigan home as a rental property for a period of roughly two-and-a-half years—an impermissible "business purpose." As a result, Defendant was contractually permitted to deny coverage of the loss sustained by Plaintiffs when their home caught fire. Additionally, because recovery under Michigan's Uniform Trade Practices Act is limited to cases in which an insurer fails to pay a claim on a timely basis, Plaintiffs' UTPA claim must fail as well. *See Griswold Props., L.L.C. v. Lexington Ins. Co.*, 741 N.W.2d 549, 551 (Mich. App. 2007). There is no material fact alleged by Plaintiffs, let alone one disputed by the parties, that casts doubt on these clear legal conclusions.

**C. Defendant's Motion to Supplement the Record**

As a final matter, Defendant has moved—under either Federal Rule of Civil Procedure 10(e)(2)(c) or pursuant to this Court's equitable power—to supplement the record on appeal with a complete copy of Kelly's federal income tax returns. This motion is **DENIED**. To begin with, Federal Rule of Civil Procedure 10 concerns the form of pleadings and there is no Rule 10(e)(2)(c).

Case No. 19-1326, *Kelly v. Metropolitan Group Prop. and Cas. Ins. Co.*

Defendant must instead be referring to Federal Rule of Appellate Procedure 10(e)(2)(c), which permits the courts of appeals to supplement the record on appeal if "anything material . . . is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2)(C). However, Defendant has not demonstrated how the addition of these documents to the record would correct any "omissions from" or "misstatements in" the district court record made in error or by accident. Instead, Defendant's motion appears to be an impermissible attempt "to add new material that was never considered by the district court." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003). Additionally, Defendant has alleged no "special circumstances" that would justify an exercise of this Court's equitable power to grant this motion. *Id.* at 1012–13. As such, neither Rule 10(e)(2)(c) nor our equitable power may be invoked to supplement the record with the documents proffered by Defendant.

### III. CONCLUSION

For these reasons, we **AFFIRM** the district court's grant of summary judgment for Defendant.